# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DONATO ZOLUAGA and § <br> MARIA G. ZOLUAGA § <br> § <br> V. § <br> § <br> BAC HOME LOANS SERVICING, L.P. § <br> and FEDERAL NATIONAL MORTGAGE § <br> ASSOCIATION § | CASE NO. 4:11-CV-369 <br> Judge Mazzant |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Original Petition for Failure to State a Claim (Dkt. #8). The Court, having considered the relevant pleadings, finds that Defendants' motion should be granted.

## Background

Plaintiff filed this action on May 27, 2011, in state court by filing their Original Petition against BAC Home Loans Servicing, LP ("BAC")[1] and Federal National Mortgage Association ("FMNA") after the foreclosure of their home (the "Property").

Plaintiff admits that, on or about October 25, 2007, they executed a note and a deed of trust. The deed of trust also reflects that Mortgage Electronic Registration Systems, Inc. ("MERS") was named as beneficiary for Shelter Mortgage Company, LLC ("Shelter"). The deed of trust and note were then assigned to BAC, allegedly on August 11, 2010.[2] Plaintiffs received notice of sale on

---

[1] Bank of America, N.A. is the proper Defendant as successor by merger to BAC.

[2] Defendants assert that the assignment was effective on July 1, 2010. which Defendants attach to the motion to dismiss. In deciding a motion to dismiss, the Court may consider not only the allegations made in a plaintiff's complaint, but also any documents incorporated in the pleading and all matters of which judicial notice may be taken. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). All documents referred to in a plaintiff's complaint, and which are central to a plaintiff's action, are considered "incorporated in the pleading." *See Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her

August 3, 2010, and the Property was sold at foreclosure sale on September 7, 2010.

On June 17, 2011, Defendants removed this action to this Court. On June 22, 2011, the Court entered its Order and Advisory, giving Plaintiffs an opportunity to file an amended complaint. Plaintiffs did not file an amended pleading. On July 15, 2011, Defendants filed a motion to dismiss (Dkt. #8). After no response was filed, the Court ordered Plaintiffs to file a response on or before September 2, 2011 (Dkt. #12). On September 2, 2011, Plaintiffs filed a response (Dkt. #14). On September 6, 2011, the Court ordered Plaintiffs to file an amended complaint that provided more factual details supporting their claims. The Court also denied the motion to dismiss as moot, but indicated that "[i]f no amended complaint is filed, the Court will reconsider Defendants' motion to dismiss." (Dkt. #15). Plaintiffs did not file an amended complaint. Since Plaintiffs have not complied with the Court's prior Orders to file an amended complaint, the Court is not required to give Plaintiffs another opportunity to file an amended complaint, and will decide the motion to dismiss based upon their state court petition.

**Legal Standard**

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief

---

claim."). In addition, "a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

The Court can consider the publically recorded document in deciding a Rule 12(b)(6) motion because the document is referred to by Plaintiffs in their petition.

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for

3

enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

**Analysis**

In an attempt to enjoin eviction proceedings, Plaintiffs filed this suit alleging (1) violations of the Texas Debt Collection Act ("TDCA"), (2) violations of the Deceptive Trade Practices Act ("DTPA"), (3) improper credit reporting, (4) negligent misrepresentation, (5) wrongful foreclosure, and (6) wrongful eviction. Plaintiffs seek injunctive relief and rescission of the sale along with statutory damages, compensatory damages, exemplary damages, and attorneys' fees.

Defendants assert that Plaintiffs' entire argument is based on erroneous conclusions of law regarding the assignment and appointment of a substitute trustee. Plaintiffs allege "there was not a valid assignment of the note and deed of trust to BAC before the giving of the August 3, 2010" notice of sale. Plaintiffs claim the assignment was executed after the notice of sale was sent and

therefore the sale was invalid. Defendants assert that the assignment clearly notes an effective date of July 1, 2010, well over a month before the notice of sale was sent. Further, the assignment is a notice document and merely serves to memorialize the transfer of interest. While the assignment establishes BAC had a beneficial interest no later than the effective date of July 1, 2010, it is not evidence that BAC lacked the interest at an earlier point. Thus, Defendants argue that Plaintiffs' assertion that the timing of the assignment negates foreclosure sale is unsupported by law or fact.

Defendants also assert that as for the appointment of the substitute trustee, Plaintiffs' unintelligible argument seems to suggest the timing of the assignment somehow also invalidates the sale. Defendant argues that according to the publicly recorded Appointment of Substitute Trustee, Greg Bertrand, the trustee who conducted the sale, was appointed "Substitute Trustee" in March of 2009. The appointment occurred well over a year before the September 2010 foreclosure sale. Furthermore, Plaintiffs cannot point to any authority, be it in the deed of trust, the Texas Property Code, or any other applicable law, to substantiate their claim that the "trustee's appointment was invalid because it occurred before the assignment."

Defendants point out that because Plaintiffs' entire suit is predicated on these flawed conclusions of law, their claims for violations of the TDCA and DTPA, improper credit reporting, negligent misrepresentation, wrongful foreclosure, and wrongful eviction should be dismissed.

Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* Tex. Prop. Code. Ann. § 51.0025. MERS is a mortgagee under the Texas Property Code. *See* Tex. Prop. Code Ann. § 51.0001(4). Since the Deed of Trust identifies MERS as the beneficiary and the nominee for the original lender and its successors and assigns, this makes MERS a mortgagee under the Texas Property Code. As a mortgagee, MERS could authorize BAC to service the loan and foreclose.

Based upon the documents provided by Defendants, the assignment states its effective date as July 1, 2010, which would be prior to the notice of foreclosure sale. However, the assignment was not executed until August 11, 2011. Defendants fail to explain how the assignment would be effective in July when it was not executed until August 11, 2011. Based upon the documents provided, it appears that BAC did not have an interest in the Property at the time BAC authorized foreclosure proceedings to begin.

**Texas Debt Collection Act**

Plaintiffs claim Defendants violated the TDCA by "threatening and effecting a substitute trustee's sale." Specifically, they allege Defendants' conduct violated Sections 392.301(a)(8), 392.301(a)(3) and 392.304(a)(8) of the Texas Finance Code. Plaintiffs' claim that BAC violated Section 392.301(a)(8) by "threatening to take an action prohibited by law" is based on the same invalid assignment arguments addressed above. If BAC and its purported substitute trustees threatened to foreclose at a time when BAC did not have the legal right to demand foreclosure, it would have threatened to do an action prohibited by law.

Plaintiffs also assert a claim under section 392.301(a)(3) for BAC's alleged "[representations] to third parties that the consumer (one or both of Plaintiffs) was willfully refusing to pay a nondisputed consumer debt when the debt was in dispute." Defendants assert that there were no facts alleged that support this claim. The Court agrees. Plaintiffs allege no facts regarding any dispute of the debt in question. There are no allegations of any representations made by BAC. Therefore, Plaintiffs' TDCA claim under section 392.301(a)(3) should be dismissed.

Plaintiffs also allege that Defendants violated section 392.304(a)(8) by "[misrepresenting] the character of a consumer debt to third parties and the public at large in the foreclosure process." Section 392.304(a)(8) of the Texas Finance Code states that, in debt collection or obtaining

6

information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that misrepresents the character, extent, or amount of a consumer debt. Tex. Fin. Code § 392.304(a)(8). For a statement to constitute a misrepresentation under the TDCA, Defendant must have made a false or misleading assertion. *Reynolds v. Sw. Bell Tel., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.-Fort Worth June 29, 2006, pet. denied). Defendants assert that Plaintiffs fail to allege any facts that would make this claim plausible. The Court agrees. The simple conclusions asserted by Plaintiffs fail to state a plausible claim under section 392.304(a)(8).

Defendants also move to dismiss Plaintiffs' claim that FNMA that it violated the TDCA by obtaining a "judgment of possession as to the Property,"and is now "liable to Plaintiffs for actual damages, statutory damages, injunctive relief, costs and reasonable attorney's fees." Defendants move to dismiss this allegation, asserting that FNMA is not a debt collector nor has it engaged in debt collection for purposes of the TDCA. The Court agrees, and this claim should be dismissed as not plausible.

**DTPA**

Plaintiffs argue that they are entitled to recover damages for the TDCA violations under the DTPA. Plaintiffs are correct to state that the DTPA tie-in statute, § 17.50 of the Business and Commerce Code, grants a private right of action under the DTPA to a claimant seeking to recover under the TDCA. *See* TEX. BUS. & COM. CODE § 17.50(h); TEX. FIN. CODE § 392.404. However, Texas Business and Commerce Code § 17.50(h) does not exempt claimants from showing that they qualify as a "consumer" under § 17.45(4). To qualify as a consumer, a plaintiff must (1) seek or acquire goods or services and (2) the goods or services purchased or leased must form the basis of the complaint. *Modelist v. Deutsche Bank Nat. Trust Co.*, No. H-05-1180, 2006 WL 2792196, at

7

*7 (S.D. Tex. Aug. 25, 2006) (citing *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 14 (Tex. 1987)). Whether a plaintiff is a consumer under the DTPA is a question of law. *Id*. (citing *Holland Mortgage & Inv. Corp. v. Bone*, 751 S.W.2d 515, 517 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.)).

In evaluating whether Plaintiffs are consumers under the DTPA, the Court must look to the object of the transaction. Tex. Bus. & Com. Code Ann. § 17.45; *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984). In *La Sara Grain Company*, the Texas Supreme Court held that a lender may be subject to a DTPA claim if the borrower's "objective" was the purchase or lease of a good or service. *La Sara Grain Co.*, 673 S.W.2d at 567. However, a person whose objective is merely to borrow money is not a consumer because the lending of money does not involve either the purchase or lease of a good or service. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980).

In the present case, it is undisputed that Plaintiffs' claims arise out of a loan and do not involve the purchase or lease of either goods or services. Plaintiffs did not seek to purchase or lease any goods or services from Defendants. Therefore, Plaintiffs are not "consumers" with respect to the home loan.

**Improper Credit Reporting**

Plaintiffs contend BAC improperly reported the status of their debt to the credit reporting agencies. Claims related to credit reporting are governed by the Fair Credit Reporting Act, codified at 15 U.S.C. § 1681 ("FCRA"). Defendants assert that given Plaintiffs do not allege BAC is a credit reporting agency, but rather an entity who allegedly furnished information to a credit reporting agency, Plaintiffs' remedies are limited to 15 U.S.C. § 1681s-2(b). Defendants further assert that because Plaintiffs allege no facts to bring them within the limited scope of 15 U.S.C. § 1681s-2(b),

this claim must be dismissed.

The Court agrees. Section 1681s-2 generally imposes two duties to persons who furnish information to credit reporting agencies: (1) duties to provide accurate information under certain circumstances, *see* 15 U.S.C. § 1681s-2(a); and (2) duties upon notice of dispute. 15 U.S.C. § 1681s-2(b). A violation of any of the duties described in section 1681s-2(a) does not give rise to a private right of action. *See* 15 U.S.C. § 1681s-2(c)(1); § 1681s-2(d).

However, a violation of the duties described in section 1681s-2(b) may give rise to a private right of action. To plead a claim thereunder, Plaintiffs are required to specifically allege: (1) they initiated a dispute with a credit reporting agency; (2) the credit reporting agency provided BAC with notice of the dispute; and (3) BAC failed to take appropriate action regarding the dispute. 15 U.S.C. § 1681s-2(b)(1)(A)-(E). Defendants correctly point out that Plaintiffs allege no such facts here. *See, e.g. Insignares v. Countrywide Home Loans, Inc.*, No. 09-60128, 2009 WL 2444322, at *2 (S.D. Fla. July 15, 2009); *Leet v. Cellco P'ship*, 480 F. Supp. 2d 422, 428-29 (D. Mass. 2007); *Kaetz v. Chase Manhattan Bank*, No. 3:05-CV-1546, 2006 WL 1343700, at *3 (M.D. Pa. May 17, 2006). Therefore, this claim should be dismissed.[3]

**Negligent Misrepresentation**

Defendants next move to dismiss Plaintiffs' claim for negligent misrepresentation. Plaintiffs allege BAC "supplied false information" regarding "the Loan having been modified and there being no basis for foreclosure." Defendants assert that Plaintiffs base their entire negligent misrepresentation claim on this one assertion, without providing any supporting information regarding the content or circumstances of the alleged misrepresentations. The Court agrees. Based

---

[3] The Court would note that Plaintiffs' response fails to address Defendants' arguments for dismissal of this claim.

upon the conclusions and lack of facts offered by Plaintiffs, this claim is not plausible and should be dismissed.

Defendants assert that Plaintiffs' claims regarding the alleged misrepresentations are described with perfect vagueness, with no attempt to identify who made the representations and when. The petition also lacks facts showing Plaintiffs acted or refrained from acting based on BAC's allegedly false representations. Plaintiffs instead are content to merely assert they "relied on the misrepresentations to their detriment."

Plaintiffs' response asks only for leave to amend their complaint to set forth in detail facts that would support their allegations regarding the course of dealing in attempted modification of the loan and that the claim. Plaintiffs also assert that this claim should stand based on BAC's violation of a duty of ordinary care in it handling of the loan.

In Texas, there is "no special relationship between a mortgagor and mortgagee." *Collier v. Wells Fargo Home Mort.*, No. 7:04-CV-86, 2006 WL 1464170, at *8 (N.D. Tex. May 26, 2006) (citing *UMLIC VP LLC v. T & M Sales and Envtl. Systems, Inc.*, 176 S.W.3d 595, 612 (Tex. App.– Corpus Christi 2005, pet. denied)). "Absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *UMLIC*, 176 S.W.3d at 612 (citations omitted). Thus, there is no duty of care that arises in this case. Furthermore, Plaintiffs had two opportunities to file an amended pleading to correct the blatant deficiencies in their petition, but failed to take such action. The Court declines to give Plaintiffs a third opportunity. Plaintiffs' negligent misrepresentation claim, as stated in their petition, should be dismissed as not plausible.

**Wrongful Foreclosure**

Plaintiffs make a separate claim for wrongful foreclosure based on "BAC's violations of

TDCA and DTPA," lack of standing and misrepresentations regarding a loan modification. Defendants assert that even construed liberally, the facts pleaded in Plaintiffs' petition are insufficient to state a wrongful foreclosure claim because there was no procedural defect in the sale and there are no facts showing a grossly inadequate sales price. The essential elements of a wrongful foreclosure claim are completely absent from Plaintiffs' petition.

To prevail on a claim for wrongful foreclosure requires a showing of "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.-Houston [14th Dist.] 1989, writ denied)). Allegations only of a defect in the foreclosure proceedings are insufficient; rather, it is also necessary that an inadequate selling price resulted from the defect. *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.-San Antonio 1998, no pet.).

Although Plaintiffs have alleged a procedural defect in the sale, there are no facts showing a grossly inadequate sales price. Plaintiffs make no allegations that the sales price was grossly inadequate. This claim should be dismissed.

**Wrongful Eviction**

Plaintiffs' petition states that FNMA "seeks to obtain possession of the Property" and "threatens to imminently enforce" a writ of possession. Defendants assert that by their own allegations, FNMA has not yet obtained possession through eviction, and because Plaintiffs have not been evicted and maintain possession of the Property, they may not maintain a claim for wrongful eviction. The Court agrees, and this claim should be dismissed.

It is therefore ORDERED that Defendants' Motion to Dismiss Plaintiffs' Original Petition

for Failure to State a Claim (Dkt. #8) is hereby GRANTED and Plaintiffs' claims are DISMISSED with prejudice.

**SIGNED this 16th day of November, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE